# Exhibit A

**COPY**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OMNI HOTELS MANAGEMENT CORPORATION, a Delaware corporation; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHERYL THURSTON, an individual,

FILED-Central District
SUPERIOR COURT
SAN ~~_____~~ COUNTY

NOV 3 0 2016

*Shannon Pratt*
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br>San Bernardino District – Civil Division<br>247 West Third Street, San Bernardino, CA 92415-0210 | *(Número del Caso):*<br>CIV DS1620291 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Victoria C. Knowles     (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC                               Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

| DATE:<br>*(Fecha)* NOV 3 0 2016 | Clerk, by<br>*(Secretario)* SHANNON PRATT | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* OMNI HOTELS MANAGEMENT CORPORATION A DELAWARE CORPORATION

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

COPY

1  VICTORIA C. KNOWLES, ESQ., Bar No. 277231
   PACIFIC TRIAL ATTORNEYS
2  A Professional Corporation
   4100 Newport Place Drive, Suite 800
3  Newport Beach, CA 92660
   Telephone: (949) 706-6464
4  vknowles@pacifictrialattorneys.com
   Attorney for Plaintiff

**FILED-Central District**
SUPERIOR COURT
SAN BERNARDINO COUNTY

NOV 3 0 2016

*Shannon Pratt*
                    DEPUTY

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN BERNARDINO

10

11  CHERYL THURSTON, an individual,        Case No.    CIV DS1620291

12          Plaintiff,

13             v.                           **COMPLAINT**

14  OMNI HOTELS MANAGEMENT
    CORPORATION, a Delaware corporation; and
15  DOES 1-10, inclusive,

16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1   Plaintiff Cheryl Thurston ("Plaintiff"), alleges the following upon information and belief based

2   upon investigation of counsel, except as to her own acts, which she alleges upon personal knowledge:

3   **INTRODUCTION**

4   1.   Plaintiff Cheryl Thurston is a blind individual who requires screen reading software to

5   read website content and access the internet.  Defendant Omni Hotels Management Corporation

6   maintains its website, www.omnihotels.com, in such a way that it contains numerous access barriers

7   preventing Plaintiff, and other blind and visually-impaired individuals, from gaining equal access to

8   www.omnihotels.com.  Defendant's denial of full and equal access to its website, and therefore its

9   products and services offered thereby and in conjunction with its hotels, is a violation of Plaintiff's

10   rights under California's Unruh Civil Rights Act.

11   **JURISDICTION AND VENUE**

12   2.   This Court has subject matter jurisdiction over this action.  This Court has personal

13   jurisdiction over Defendant because it conducted and continues to conduct substantial business in the

14   State of California, County of San Bernardino, and Defendant's offending website is available across

15   California.

16   3.   Venue is proper in this Court because Defendant conducts substantial business in this

17   County.  Venue is also proper because a substantial portion of the misconduct alleged herein occurred

18   in the County of San Bernardino.

19   **PARTIES**

20   4.   Plaintiff resides in San Bernardino County, California.  Plaintiff is permanently blind

21   and uses a screen reader in order to access the internet and read website content.  Despite several

22   attempts to use and navigate www.omnihotels.com, Plaintiff has been denied the full use and

23   enjoyment of the facilities and services of www.omnihotels.com as a result of accessibility barriers on

24   www.omnihotels.com.   The access barriers on www.omnihotels.com have caused a denial of

25   Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis

26   from accessing Defendant's website.  Similarly, the access barriers on www.omnihotels.com have

27   deterred Plaintiff from visiting Defendant's hotel locations.

28   ///

- 1 -
COMPLAINT

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant Omni Hotels Management Corporation is a Delaware corporation with its principal place of business located in Dallas, Texas.  Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates a number of hotels and resorts in California.  These hotels constitute places of public accommodation. Defendant's hotels provide to the public important goods and/or services. Defendant also provides to the public the www.omnihotels.com website.  www.omnihotels.com provides access to the array of services, including reservation facilities for the hotels, hotel locators, and many other benefits related to these facilities and services.  The Omni Hotels, including those in California, are public accommodations within the definition of Title III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181(7).  www.omnihotels.com is a service, privilege, or advantage of the Omni Hotels.  www.omnihotels.com is a service that is by and integrated with these locations.

6.      At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Omni Hotels Management Corporation and DOE Defendants will hereafter collectively be referred to as "Defendant").

7.      The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTS

8.      The Internet has become a significant source of information, a portal and tool for conducting business, and a means for doing everyday activities such as shopping, banking, etc. for both the sighted and blind, and/or visually-impaired persons.

9.      Blind individuals may access websites by using keyboards in conjunction with screen-reading software that vocalizes visual information on a computer screen.  Screen access software

1 | provides the only method by which a blind person may independently access the internet.  Unless
2 | websites are designed to be read by screen reading software, blind persons are unable to fully access
3 | websites and the information, products and services contained thereon.

4 |       10.    The international website standards organization, W3C, has published version 2.0 of the
5 | Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0 are well-established guidelines for
6 | making websites accessible to blind and visually-impaired people.  These guidelines are successfully
7 | followed by numerous large business entities to ensure their websites are accessible.  These guidelines
8 | recommend several basic components for making websites accessible including, but not limited to:
9 | adding invisible alternative text to graphics; ensuring that all functions can be performed using a
10 | keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so that
11 | blind people can easily navigate websites. Without these very basic components, a website will be
12 | inaccessible to a blind or visually-impaired person using a screen reader.

13 |       11.    Defendant offers the commercial website, www.omnihotels.com.
14 | www.omnihotels.com offers, among other things, information concerning the hotels/resorts it operates,
15 | and allows users to make reservations at the hotels/resorts.

16 |       12.    Based on information and belief, it is Defendant's policy and practice to deny blind
17 | users, including Plaintiff, access to www.omnihotels.com, specifically the services and reservation
18 | information offered by Defendant through www.omnihotels.com.  Due to Defendant's failure and
19 | refusal to remove access barriers to www.omnihotels.com, Plaintiff and other blind and visually
20 | impaired individuals have been and are being denied equal access to the Omni hotels/resorts locations
21 | and to the other services offered to the public through www.omnihotels.com.

22 |       13.    Defendant denies blind individuals access to the services and information made
23 | available through www.omnihotels.com by preventing them from freely navigating
24 | www.omnihotels.com. www.omnihotels.com contains access barriers that prevent free and full use by
25 | blind persons using screen reading software.

26 |       14.    www.omnihotels.com's barriers are pervasive and include, but are not limited to, the
27 | following: (1) the lack of Alternative Text, or a text equivalent.  Alternative Text is invisible code
28 | embedded beneath a graphical image on a website. Web accessibility requires that Alternative Text be

1  coded with each picture so that a screen reader can speak the Alternative Text where a sighted user

2  sees pictures.  Alternative Text does not change the visual presentation, but instead a text box will

3  pop-up when the mouse moves over the picture.  The lack of Alternative Text on these graphics

4  prevents screen readers from accurately vocalizing a description of the graphics.  As a result, visually-

5  impaired Omni Hotels customers are unable to determine what is on the website, browse the site, look

6  for Omni Hotels locations, check out Defendant's services, and/or make any reservations to stay at any

7  of Defendant's hotels/resorts; (2) Empty links that contain no text causing the function or purpose of

8  the link to not be presented to the user. This can introduce confusion for keyboard and screen reader

9  users; and (3) Redundant Links where adjacent links go to the same URL address which results in

10  additional navigation and repetition for keyboard and screen reader users.

11          15.     Due to the inaccessibility of www.omnihotelscommunities.com, blind and otherwise

12  visually impaired customers who use screen readers cannot effectively browse for Defendant's hotel

13  locations and services online.  If www.omnihotels.com were accessible, Plaintiff could independently

14  investigate services, and make reservations, via Defendant's website as sighted individuals can and do.

15          16.     Despite several attempts to use www.omnihotels.com since May 2015, the numerous

16  access barriers contained on Defendant's website have denied Plaintiff's full and equal access, and

17  Plaintiff continues to be deterred on a regular basis from accessing Defendant's website.  Similarly,

18  based on the numerous access barriers contained on www.omnihotels.com, Plaintiff has been deterred

19  from visiting any of Defendant's physical locations that Plaintiff may locate by using

20  www.omnihotels.com and from determining whether to stay at such locations.

21                          **FIRST CAUSE OF ACTION**

22          **Violation of the Unruh Civil Rights Act, California Civil Code § 51 _et seq._**

23                          **(By Plaintiff Against All Defendants)**

24          17.     Plaintiff incorporates by this reference the allegations contained in the preceding

25  paragraphs above as if fully set forth herein.

26          18.     California Civil Code § 51 et seq. guarantees equal access for people with disabilities to

27  the accommodations, advantages, facilities, privileges, and services of all business establishments of

28

1    any kind whatsoever.  Defendant is systematically violating the Unruh Civil Rights Act, California

2    Civil Code § 51 *et seq.*

3          19.    Defendant's Omni Hotels are "business establishments" within the meaning of the

4    California Civil Code § 51 et seq. Defendant generates millions of dollars in revenue from the sale of

5    its services and hotel/resort reservations in California through its hotel/resort locations and related

6    services and www.omnihotels.com.  www.omnihotels.com is a service provided by Defendant that is

7    inaccessible to patrons who are visually-impaired like Plaintiff.  This inaccessibility denies visually-

8    impaired patrons full and equal access to the facilities and services that Defendant makes available to

9    the non-disabled public.  Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51

10   et seq., in that Defendant is denying visually-impaired customers the services provided by

11   www.omnihotels.com.  These violations are ongoing.

12         20.    Defendant's actions constitute intentional discrimination against Plaintiff on the basis

13   of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq. in that:

14   Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this

15   inaccessible form; and has failed to take actions to correct these barriers even after being notified of

16   the discrimination that such barriers cause.

17         21.    Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 *et*

18   *seq.* in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42

19   U.S.C. § 12101 *et seq.*  Section 51(f) of the California Civil Code provides that a violation of the right

20   of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

21         22.    The actions of Defendants were and are in violation of the Unruh Civil Rights Act,

22   California Civil Code § 51 *et seq.*, and therefore, Plaintiff is entitled to injunctive relief remedying the

23   discrimination.

24         23.    Plaintiff is also entitled to statutory minimum damages pursuant to California Civil

25   Code § 52 for each and every offense.

26         24.    Plaintiff is also entitled to reasonable attorneys' fees and costs; however, Plaintiff

27   hereby expressly limits the amount of money that Plaintiff presently seeks to recover in this action to

28   less than $75,000, such that the maximum amount of any recovery shall not exceed $74,999.

1

**PRAYER FOR RELIEF**

2
WHEREFORE, Plaintiff, individually, prays for relief and judgment as follows:

3
1.       A preliminary and permanent injunction enjoining Defendants from violating the Unruh

4
Civil Rights Act, California Civil Code § 51 *et seq.*;

5
2.       A preliminary and permanent injunction requiring Defendant to take the steps necessary

6
to make www.omnihotels.com readily accessible to and usable by visually-impaired individuals;

7
3.       An award of statutory minimum damages of $4,000 per violation pursuant to section

8
52(a) of the California Civil Code;

9
4.       For attorneys' fees and expenses pursuant to all applicable laws including, without

10
limitation, California Civil Code § 52(a);

11
5.       For pre-judgment interest to the extent permitted by law;

12
6.       For costs of suit; and

13
7.       For such other and further relief as the Court deems just and proper.

14

15
Dated: November 30, 2016                    PACIFIC TRIAL ATTORNEYS
                                                                    A Professional Corporation
16

17

18
                                                                    By:_____
                                                                    Victoria C. Knowles
19
                                                                    Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

- 6 -
COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this

3 lawsuit.

4

5 Dated: November 30, 2016     PACIFIC TRIAL ATTORNEYS

                  A Professional Corporation

6

7

8               By:_____

9               Victoria C. Knowles

               Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS1620291
   PACIFIC TRIAL ATTORNEYS
   4100 NEWPORT PLACE DRIVE
   SUITE 800
   NEWPORT BEACH CA 92660
                            NOTICE OF TRIAL SETTING CONFERENCE
                              and NOTICE OF CASE ASSIGNMENT

IN RE: THURSTON -VS- OMNI HOTELS

THIS CASE HAS BEEN ASSIGNED TO: DAVID  COHN IN DEPARTMENT S26
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210.

            HEARING DATE: 06/08/17 at  8:30 in Dept. S26


DATE: 11/30/16  Nancy Eberhardt, Interim Court Executive Officer
                                    By: SHANNON PRATT
------------------------------------------------------------------------
------------------------------------------------------------------------
                        CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 11/30/16
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 11/30/16 at San Bernardino, CA

                        BY: SHANNON PRATT

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Victoria C. Knowles (Bar # 277231) <br> PACIFIC TRIAL ATTORNEYS, A Professional Corporation <br> 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660 <br> TELEPHONE NO: (949) 706-6464 FAX NO: <br> ATTORNEY FOR (Name): Plaintiff Cheryl Thurston | FILED-Central District <br> SUPERIOR COURT <br> SAN BERNARDINO COUNTY <br><br> NOV 3 0 2016 <br><br> Shannon Pratt <br> DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino 92415-0210
BRANCH NAME: San Bernardino District – Civil Division

CASE NAME:
Thurston v. Omni Hotels Management Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIV DS1620291 |
|---|---|---|---|---|
| [X] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): ONE (1)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 30, 2016

Victoria C. Knowles
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> LexisNexis® Automated California Judicial Council Forms |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

*LexisNexis® Automated California Judicial Council Forms*

**COPY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIV DS1620291

CHERYL THURSTON

Case No. _____

vs.

**CERTIFICATE OF ASSIGNMENT**

OMNI HOTELS MANAGEMENT CORPORATION, et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ **Civil Division** District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

**Nature of Action**                **Ground**

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

| Location of incident | 8652 Tangelo Court |
|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | ADDRESS |
| Fontana | California | 92335 |
| (CITY) | (STATE) | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

November 30, 2016 _____ at Newport Beach _____ , California

_____
Signature of Attorney/Party

13-16503-360 Rev. 10/94

*LexisNexis® Automated California County Forms*   SB-16503



*You Don't Have to Sue*

Here Are Some Other Ways

To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center,** toll free, **1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.



**Superior Court of California**
**County of San Bernardino**

## CONTRACTED MEDIATION SERVICE PROVIDERS

~~The following mediation service providers are under contract with the County of San~~ Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
1710A Plum Ln
Redlands, CA 92374
TEL (909)798-7117
TOLL FREE (877) 832-9325
FAX (877) 839-1926
WEB www.ivjc.org
EMAIL info@ivjc.org

## Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

**Jurors:** Please contact the Jury Services Office at (909) 884-1858.

**Others:** Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.pdf